UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | ) | CASE NO. 4:10 CV2815 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Brian Keith Alford's petition filed pursuant to 28 U.S.C. § 2241. Alford was incarcerated at the Federal Correctional Institution in Elkton, Ohio when he filed this action against F.C.I. Elkton Warden J. T. Shartle. In a letter to the Court, dated January 4, 2011, Alford advised that he has been released from F.C.I. Elkton on a detainer issued by the State of Ohio.

Alford claims the trial judge violated his Fifth Amendment right to present evidence in his defense, failed to instruct the petit jury of his alibi defense, and failed to disclose *Brady* violations, rendering him actually innocent of the crime for which he was convicted. He seeks immediate release and a certificate declaring his innocence.

*Background*

Alford was indicted on July 11, 2000 in the United States District Court for the Southern District of Ohio. *United States v. Alford*, No. 3:00-cr-00065 (S.D. Ohio July 11, 2000). He was charged with armed bank robbery, as well as use and possession of a firearm.

On February 28, 2002, a jury convicted Alford on two counts of the indictment. The court

granted the Government's motion to dismiss the charge of being a felon in possession of a firearm. On December 12, 2002, Alford was sentenced to sixty months on Count 1 (armed bank robbery) and eighty-four months on Count 2 (use of a firearm), to be served consecutively. *Id.* Petitioner appealed to the Sixth Circuit Court of Appeals, which affirmed the district court's judgment. *United States v. Alford*, 2004 WL 2711027 (6th Cir. Nov. 29, 2004). The Supreme Court subsequently denied his petition for writ of certiorari. *Alford v. United States*, 544 U.S. 912 (2005).

Alford filed a motion to vacate or set aside his sentence in the Southern District Court of Ohio. *See Alford v. United States*, No.3:06cv0047 (S.D. Ohio 2006). He raised four grounds for relief: (1)Ground One: Attorneys for the government prevented the grand jury from being informed and independent by suppressing evidence; (2)Ground Two: The District Court violated 29 U.S.C. § 455 A & B by committing fraud upon the court, suborning prosecutorial misconduct, ethics violations, judicial abuse, ineffective assistance of counsel, equal protection, due process; (3) Ground Three: The United States Government violated Petitioner's Fifth and Sixth Amendment rights by failing to establish subject matter and exclusive jurisdiction; and, (4) Ground Four: The United States Government violated Petitioner's Fifth Amendment right to be free from double jeopardy. *Id.* The court adopted the Magistrate Judge's Report and Recommendation in its entirety and denied the motion to vacate on February 1, 2008. *United States v. Alford*, Slip Copy, 2008 WL 299060 (S.D. Ohio, Feb. 1, 2008).

Alford's present petition, again, challenges his conviction and sentence. He claims his remedy under 28 U.S.C. §2255 is inadequate because he is challenging the "illegality of [his] detention." (Pet. at 3.)

*Case or Controversy Requirement*

It is only under Article III, Section 2 of the United States Constitution that federal courts are authorized to hear cases or controversies. Therefore federal courts may not exercise jurisdiction when the controversy has been mooted, or when the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). *See also Stewart v. Blackwell*, 444 F.3d 843, 855-56 (6th Cir. 2006). Historically, habeas relief has been limited to "the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430-31 (1963). The Supreme Court expanded the scope of the writ, however, in *Carafas v. LaVallee*, 391 U.S. 234 (1968). In *Carafas*, the Court declined to moot a petitioner's challenge after his release from prison prior to his hearing because, "in consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror." *Id*. at 237. Therefore, "[o]n account of these 'collateral consequences,' the case is not moot." *Id.* at 237-38. Within weeks, the Court reiterated its *Carafas* holding in *Sibron v. New York*, 392 U.S. 40 (1968), where a prisoner was released before his argument reached the state intermediate appellate court. Thus, the Court has made it abundantly clear that the appropriate remedy for a writ of habeas corpus issued pursuant to an unlawful criminal conviction includes relief not only from the conviction's direct consequences (e.g. incarceration), but also from its collateral consequences. *Id*. at 55-58. As a consequence, Alford's petition is not mooted by his release from federal prison. *See Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006).

*28 U.S.C. § 2241*

Although this matter is properly before the court as a live case for habeas purposes, Alford

3

is not entitled to seek habeas relief pursuant to § 2241. A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Alford previously challenged his conviction and applied for relief from his sentencing court pursuant to 28 U.S.C. § 2255 without success. This alone does not establish that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate nor is it ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, or because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998), Alford had the opportunity to raise his claim in his original § 2255 motion to vacate. *Barnes v. Booker*, No. 03-6625, 2004 WL 2320318, at *1 (6th Cir. Sept. 21, 2004).

Furthermore, Alford's assertions of "actual innocence" are not supported by his claims. In the Sixth Circuit, a prisoner who can show that an intervening change in the law establishes his actual innocence may invoke the savings clause of § 2255 and proceed under § 2241. *Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004) (unpublished)("it appears that a

4

prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

On direct appeal from Alford's conviction, the Sixth Circuit concluded: "[A]ll of the evidence, with the possible exception of the recovery of the robber's bag, could be tied to Alford even without the help of Jones's prior statement." *Alford v. United States*, No. 03-3014, 2004 WL 2711027, at *2 (6th Cir. Nov. 29, 2004). As such, it is clear that sufficient evidence existed at trial to find Alford guilty of the crime for which he served his sentence. *See Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999) (proper for federal court in post-conviction proceeding to rely on the factual conclusions given on direct appeal). Alford has made no showing that he can challenge any of the violations constituting the bank robbery charge. *See* 21 U.S.C. § 848(c)(2). His *pro se* status does not excuse him from failing to argue these issues in his first motion to vacate, which are now procedurally barred. *McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir.1995); *George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995). At most, he argues legal insufficiency, not the factual innocence necessary to raise a § 2241 claim under § 2255's savings clause. *See Charles*, 180 F.3d at 757.

*Conclusion*

Based on the foregoing, Alford's petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: January 21, 2011                     /s/ John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE